# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHANDA DEMOUY<br>    *Plaintiff* | NO. |
| V. | JUDGE |
| SUNRISE SENIOR LIVING MANAGEMENT INC.<br>    *Defendant* | MAGISTRATE JUDGE |

## PLAINTIFF'S COMPLAINT

Plaintiff, Lashanda Demouy, through undersigned counsel, brings forth this action for discrimination based on disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

2. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5(f). Venue is proper in the United States District Court for the Middle District of Louisiana because Defendant maintains a principal place of business in the Parish of East Baton Rouge, State of Louisiana, with its principal place of business located at 7920 Westpark Drive, Mclean, Virginia, 22102. 28 U.S.C. § 1391 *et seq.*

## PARTIES

3. Plaintiff, Lashanda Demouy, (hereinafter referred to as "Demouy") is domiciled in East Baton Rouge Parish, State of Louisiana.

4. Defendant Sunrise Senior Living Management, Inc., (hereinafter referred to as "Sunrise .") is a Virginia based business corporation doing business in the State of

Louisiana. Sunrise is a covered entity under the Americans with Disabilities Act, 42 U.S.C. § 12111(2).

## FACTS

5. Demouy has over 20 years of experience working as a care attendant for senior citizens.

6. On or about March 2022, Demouy started her employment with Sunrise as a care manager, earning $13 an hour, at its Jefferson Street location (Sunrise Jefferson).

7. Following Demouy's hire, she disclosed to her supervisors that she had cognitive and learning disabilities, and as such, requested additional time for training and additional time to become familiar with and perform new tasks. Pursuant to Demouy's request, Sunrise granted Demouy the aforementioned accommodations.

8. Demouy' duties at Sunrise Jefferson consisted of her caring for senior residents with memory problems and aiding the nurses as needed.

9. Sunrise Jefferson regularly scheduled Demouy to work 40 hours a week and frequently offered her extra shifts, which she accepted. As such, Demouy worked as many as 40 overtime hours each week.

10. In addition to Sunrise Jefferson, Sunrise also maintained an additional senior residential housing facility located at 9351 Siegen Lane, Baton Rouge, La 70810 (Sunrise Siegen).

11. On or about July 5, 2022 Sunrise transferred Demouy from Sunrise Jefferson to Sunrise Siegen where she was assigned new supervisors. Prior to her transfer, Demouy's supervisor at Sunrise Jefferson informed her new supervisors that

Demouy had a cognitive disability, and she would require additional time for training and to become familiar with and perform new tasks.

12. Immediately upon Demouy's transfer, her new supervisors complained about Demouy's transfer, and asked why they were sent someone who was "slow" and "retarded." Consistent with their beliefs, Demouy's supervisors were abrupt with her, cutting her off in mid-speech and then walking away when Demouy attempted to ask questions, and otherwise avoiding any of her attempts to engage them about her work. Upon information and belief, the Director of Sunrise Siegen expressed that he wanted to "get rid of her" and in furtherance thereof, instructed Demouy's new supervisor to "write her up for anything," who in fact did, on unjustified grounds.

13. Additionally, Sunrise Siegen did not provide Demouy the time or training to become familiar with the new residents in her care. It also did not allow her to have any additional time to perform the tasks necessary for her position at Sunrise Siegen. In short, without notice to Demouy, or any discussion, Sunrise Siegen rescinded the accommodations previously extended to her at Sunrise Jefferson.

14. Unlike Sunrise Jefferson who scheduled Demouy to work 40 hours per week, plus overtime shifts, Sunrise Siegen scheduled Demouy for 16 hours weekly. Accordingly, Demouy went from potential weekly earnings of $1,300 in gross wages, to $208 in gross wages; a difference of $1,092.

15. As a direct result of having her hours reduced, Demouy was no longer able to afford her rent and other basic living necessities, which subsequently led Demouy and her children to become homeless.

16. On or about July 25, 2022, Demouy was constructively discharged when she was forced to resign from Sunrise due to the reduction of her hours, which resulted in her loss of income and loss of means with which to support herself and her children, punctuated by the lack of accommodations and demeaning treatment she experienced, all consistent with what the supervisors had signaled from the time Demouy was transferred to Sunrise Siegen.

### ADMINISTRATIVE PROCEDURES

17. Demouy filed a discrimination charge on the basis of disability with the Equal Employer Opportunity Commission on or about January 17, 2023.

18. Demouy received a notice of right to sue from the Equal Employment Opportunity Commission dated February 15, 2023. ***Exhibit A***.  This action has been filed within 90 days of Demouy' receipt of the right to sue.

19. Demouy has met all administrative prerequisites to filing suit.

### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101

20. Plaintiff Demouy realleges and incorporates paragraphs 1-19.

21. Demouy is an individual with a disability pursuant to 42 U.S.C. § 12102(1)(A)-(C).

22. Demouy was able to perform the essential functions of her employment position with a reasonable accommodation. 42 U.S.C. § 12111(8). Therefore, Demouy is a qualified individual.

23. While at Sunrise Jefferson, Sunrise provided Demouy a reasonable accommodation pursuant to 42 U.S.C. § 12111(9).

24. Sunrise later rescinded the reasonable accommodation for Demouy' disability upon Demouy's transfer to Sunrise Siegen.

25. Sunrise violated 42 U.S.C. § 12203(a) by engaging in discriminatory behavior against Demouy by failing to provide and/or rescinding the reasonably necessary accommodations for Demouy to perform her job, and by subjecting her to discriminatory treatment and by reducing her hours such that she was no longer able to support herself or her family.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lashanda Demouy prays that after due proceedings there be judgment in her favor and against Defendant Sunrise for the following relief:

A. Back pay from the date of her constructive discharge on or about July 25, 2022;

B. Compensatory damages, including damages for emotional distress;

C. Punitive damages;

D. Attorney's fees, cost, and judicial interest;

E. All other equitable relief that this Honorable Court finds just.

**Dated: May 16, 2023**

                            **RESPECTFULLY SUBMITTED,**

Workplace Justice Project

Stuart H. Smith Law Clinic
and Center for Social Justice

*/s/ Andrea M. Agee*
_____

Andrea M. Agee, LSBN 34887
[amagee@loyno.edu](mailto:amagee@loyno.edu)
Luz M. Molina, LSBN 09539
[molina@loyno.edu](mailto:molina@loyno.edu)
7214 St. Charles Avenue,
Campus Box 902
New Orleans, LA 70118
Phone: (504) 861-5501

*Attorneys For Plaintiff*